DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 2019-68 |
| ) | |
| LOUIE ISON MANGAMPAT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ATTORNEYS:**

**Gretchen C.F. Shappert, United States Attorney**
**Jennifer H Blecher, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States of America,*

**Richard Coughlin, Federal Public Defender**
**Gabriel J. Villegas, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
   *For Louie Ison Mangampat.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Louie Ison Mangampat to dismiss the information in this matter for violations of the Speedy Trial Act.

### I. FACTUAL AND PROCEDURAL HISTORY

On September 25, 2019, an adult female crew member of the Celebrity Equinox, a commercial cruise ship, reported being sexually assaulted by Louie Ison Mangampat ("Mangampat").

On September 27, 2019, the United States filed a criminal complaint (the "Complaint") charging Mangampat with aggravated sexual abuse by force in violation of 18 U.S.C. § 2241(a)(1).

That same day, Mangampat was arrested on the charges in the Complaint. He appeared before the Magistrate Judge for his initial appearance later that day. The Magistrate Judge appointed the Federal Public Defender to represent Mangampat. At that proceeding, the United States orally moved to detain Mangampat pending trial.[1] Thereafter, the Assistant Federal Public Defender present at the initial appearance informed the Magistrate Judge that no attorneys from the Office of the Federal Public Defender would be available for a detention hearing on September 30, 2019. As such, the Magistrate Judge scheduled a detention hearing for October 1, 2019. A detention hearing, as scheduled, was held on October 1, 2019. At the conclusion of that hearing, the Magistrate Judge ordered Mangampat detained.

On October 29, 2019, the United States filed an information (the "Information") charging Mangampat with one count of aggravated sexual abuse by force in violation of 18 U.S.C. § 2241(a)(1).

---

[1] On September 30, 2019, the United States also filed a written motion seeking detention.

On November 5, 2019, Mangampat moved to dismiss the Information for violations of the Speedy Trial Act. On November 6, 2019, the United States filed an opposition to Mangampat's motion to dismiss.

On November 7, 2019, the Grand Jury returned an indictment (the "Indictment") charging Mangampat with one count of aggravated sexual abuse by force in violation of 18 U.S.C. § 2241(a)(1).

## II.  ANALYSIS

The Speedy Trial Act provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). If charges in a criminal complaint are not charged by indictment or information within this thirty day period, those charges must be "dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). Dismissal may be with or without prejudice. 18 U.S.C. § 3162(a)(1); *see also United States v. Dyer*, 325 F.3d 464, 467 (3d Cir. 2003) ("If the government fails to comply with this time limit, the Speedy Trial Act requires the dismissal of charges in the complaint, with or without prejudice."). The

defendant bears the burden of proving a violation of the Speedy Trial Act. 18 U.S.C. § 3162(a)(2).

Here, Mangampat was arrested on federal charges on September 27, 2019. Ordinarily, "the Speedy Trial Act's 30-day clock . . . begins to run at the start of federal detention." *United States v. Crews*, 494 Fed. App'x 240, 243 (3d Cir. 2012) (emphasis omitted). The running of the speedy trial clock is not without interruption. Under the Speedy Trial Act, certain "periods of delay shall be excluded in computing the time within which an information or indictment must be filed." 18 U.S.C. § 3161(h). Indeed, the Speedy Trial Act excludes

> Any period of delay resulting from other proceedings concerning the defendant, including . . .
> . . .
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> . . .
> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161(h)(1).

When calculating delays under the Speedy Trial Act, the district court excludes from the count days on which triggering events occur. *See United States v. Lattany*, 982 F.2d 866, 871-72 (3d Cir. 1992). Weekend days and holidays are included in the

Speedy Trial count. *See United States v. Tinklenberg*, 563 U.S. 647, 661 (2011).

On the day of Mangampat's arrest the United States orally moved to detain Mangampat pending trial. That motion tolled the running of the speedy trial clock. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding from speedy trial clock "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on . . . such motion"); *see also, e.g., United States v. Hughes*, 840 F.3d 1368, 1381 (11th Cir. 2016) ("[T]he government's oral motion [for detention] at the April 24 hearing automatically stopped the Speedy Trial clock until the court disposed of that motion on April 29."). On October 1, 2019, the Magistrate Judge ordered Mangampat detained, resolving the United States's motion for detention. Thus, the 30-day clock began to run for the first time on October 2, 2019. *See United States v. Rashid*, 593 Fed. App'x 132, 135 (3d Cir. 2014) ("When a pretrial motion requires a hearing, § 3161(h)(1)(D) excludes the entire period between the filing of the motion and the conclusion of the hearing.").

The information in which Mangampat was charged with aggravated sexual abuse by force was filed on October 29, 2019-- within 30 non-excludable days from the date on which Mangampat

was arrested on the Complaint. Accordingly, there is no speedy trial violation of the 30-day clock.

The premises considered, it is hereby

**ORDERED** that Louie Ison Mangampat's motion to dismiss, ECF No. 12, is **DENIED**.

                        S\_____
                           **Curtis V. Gómez**
                           **District Judge**