# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:19-cr-0068 |
| | ) |
| LOUIE ISON MANGAMPAT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**BEFORE THE COURT** is Louie Ison Mangampat's motion to dismiss the indictment in this case for lack of jurisdiction. (ECF No. 24.) For the reasons outlined below, the Court will deny Mangampat's motion.[1]

### I. FACTUAL AND PROCEDURAL HISTORY

On September 24, 2019, the Celebrity Equinox, a commercial cruise ship, was travelling from Fort Lauderdale, Florida, to St. Thomas, U.S. Virgin Islands.

At approximately 11 p.m. that evening, several crew members gathered in the cabin shared by Louie Ison Mangampat ("Mangampat") and another male crew member ("E.M."). An adult female crew member ("A.V.") was also present. Around 3 a.m. on September 25, 2019, the gathering had dispersed, leaving only Mangampat, E.M., and A.V. in the cabin. At that time, E.M. went to sleep.

Around 4 a.m., before A.V. left the cabin, Mangampat allegedly pulled her into the bathroom where he locked her inside. Inside the bathroom Mangampat allegedly sexually assaulted A.V. Subsequently, A.V. left the bathroom. A.V. reported the assault to her friend and security was called. Mangampat and the alleged victim, A.V., are both citizens of the Philippines.

---

[1] Before this matter was reassigned to the undersigned, Judge Curtis V. Gomez denied Mangampat's motion to dismiss at a January 9, 2020 evidentiary hearing in this matter. Because no reasons for the denial were stated on the record, the undersigned has considered the matter *de novo* and concurs that the motion to dismiss should be denied. As such, the undersigned issues this order to place the reasons for denying Mangampat's motion on the record.

*United States v. Mangampat*
Case No. 3:19-cr-0068
Order
Page 2 of 4

According to an incident report prepared by cruise ship security staff, on or about September 25, 2019, at approximately 4 a.m., the Celebrity Equinox was located at approximately 21 degrees 57.3 minutes north latitude, 70 degrees 30.1 minutes west longitude. The nearest point of land was the Great Turk Island, which was approximately 40.5 nautical miles away. The Celebrity Equinox is a vessel registered to the island of Malta.

On October 29, 2019, the United States filed an information charging Mangampat with one count aggravated sexual abuse by force in violation of 18 U.S.C. § 2241(a)(1). Thereafter, on November 7, 2019, the Grand Jury returned an indictment charging Mangampat with one count aggravated sexual abuse by force in violation of 18 U.S.C. § 2241(a)(1). The grand jury has since returned a first and second superseding indictment. The second superseding indictment, returned by the grand jury on November 19, 2020, charges Mangampat with count of aggravated sexual abuse by force in violation of 18 U.S.C. § 2241(a)(1) and one count of hate crime acts in violation of 18 U.S.C. §§ 249(a)(2)(A) and (3).

On November 26, 2019, Mangampat filed a motion to dismiss the indictment for lack of jurisdiction. Mangampat argues that the United States does not have jurisdiction to adjudicate this matter as the alleged offenses did not occur in the special maritime and territorial jurisdiction of the United States.

On December 10, 2019, the United States filed an opposition to Mangampat's motion to dismiss.

## II. DISCUSSION

Title 18, United States Code, Section 2241(a)(1) ("Section 2241(a)(1)") provides in pertinent part that a person "in the special maritime and territorial jurisdiction of the United States . . ." who "knowingly causes another person to engage in a sexual act" "by using force against that other person" shall be fined or imprisoned or both. 18 U.S.C. § 2241. Title 18, United States Code, Section 249(a)(3) ("Section 249(a)(3)") provides in pertinent part that "[w]hoever, within the special maritime or territorial jurisdiction of the United States, engages in conduct described . . . in paragraph (2)(A) . . . shall be subject to the same penalties as prescribed in [that] paragraph[]." 18 U.S.C. § 249(a)(3).

Title 18, United States Code, Section 7 ("Section 7") defines the term "special maritime and territorial jurisdiction of the United States." In pertinent part, Section 7 provides that the "special maritime and territorial jurisdiction of the United States" includes

> [t]he high seas, any other waters within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State, and any vessel belonging in whole or in part to the United States or any citizen thereof, or to any corporation created by or under the laws of the United States, or of any State, Territory, District, or possession thereof, when such vessel is within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State.

18 U.S.C. § 7(1).[2]

"Outside the territorial sea are the high seas." *United States v. Louisiana*, 394 U.S. 11, 23 (1969). As the Fourth Circuit has explained, "[t]he weight of authority points to an outer territorial limit [for the territorial seas of any nation] of twelve nautical miles." *United States v. Beyle*, 782 F.3d 159, 167 (4th Cir. 2015).

> [The United Nations Convention on the Law of the Sea ("UNCLOS")] explicitly restricts territorial seas from extending farther than twelve nautical miles from national coastlines. UNCLOS, *supra*, art. 3. At the time of the piracy at issue in this case, 161 nations had ratified UNCLOS, including Somalia. With nearly 170 signatory nations today, UNCLOS enjoys widespread acceptance in the international community. As noted above, although the United States is not a signatory to UNCLOS, this country recognizes the treaty's place as an accurate reflection of customary international law. It is, moreover, the policy of the United States not to respect claims that a territorial sea extends beyond twelve nautical miles. Office of Ocean Affairs, U.S. Dep't of State, Pub. No. 112, *Limits in the Seas: United States Responses to Excessive Maritime Claims* 7, 33 (1992); Fact Sheet, Office of the Press Sec'y, The White House, United States Oceans Policy (Mar. 10, 1983); *see* 33 C.F.R. § 2.22(b); *see also* The White House, *United States Counter Piracy and Maritime Security Action Plan* annex B at 2 (June 2014). Consistent with UNCLOS, the United States itself claims a territorial sea extending up to twelve nautical miles. 18 U.S.C. § 2280(e); *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 441 n.8, 109 S. Ct. 683, 102 L. Ed. 2d 818 (1989); 33 C.F.R. § 2.22(a)(1)(ii), (iii), (iv) (applying a U.S. territorial sea of twelve nautical miles for determining U.S. criminal jurisdiction and the special maritime and territorial jurisdiction, and for interpreting international law); Proclamation No. 5928, 54 Fed. Reg. 777

---

[2] Various other included definitions are not relevant as they apply only where the offense was committed "by or against a national of the United States." *See, e.g.,* 18 U.SC. §§ 7(7), (8), and (9). Mangampat and the alleged victim, A.V., are both citizens of the Philippines.

*United States v. Mangampat*
Case No. 3:19-cr-0068
Order
Page 4 of 4

(Dec. 27, 1988) (extending the U.S. territorial sea to twelve nautical miles "in accordance with international law").

We, too, have repeatedly stated that a nation's territorial waters generally extend to twelve nautical miles. *See United States v. Shibin*, 722 F.3d 233, 239 (4th Cir. 2013); *Dire*, 680 F.3d at 460 n.11; *Titanic*, 171 F.3d at 965.

*Id.* at 167-68.

As such, provided that the alleged offense occurred on the high seas, farther than twelve nautical miles from any other national coastline, the United States has jurisdiction to try this matter. In its opposition, the United States submitted an incident report prepared by the cruise ship security staff. That report notes that, at the time of the alleged crime, the cruise ship was located at 21 degrees 57.3 minutes north latitude and 70 degrees 30.1 minutes west longitude, 40.5 nautical miles away from Grand Turk Island, the closed point of land. Thus, as a threshold matter, the United States has demonstrated that the alleged offense occurred on the high seas, within the special maritime and territorial jurisdiction of the United States.[3] As such, the Court will deny Mangampat's motion to dismiss.

The premises considered, it is hereby

**ORDERED** that Mangampat's motion to dismiss, ECF No. 24, is **DENIED**.

**Dated:** January 15, 2021         */s/ Robert A. Molloy*
                                     **ROBERT A. MOLLOY**
                                     **District Judge**

---

[3] While the United States' submission is sufficient to overcome the motion to dismiss at this time, because jurisdictional elements must by found by the jury beyond a reasonable doubt, the United States still must introduce sufficient evidence at trial regarding this element to meet its burden. *See Torres v. Lynch*, 136 S. Ct. 1619, 1630 (2016) ("[The substantive elements of a federal statute and the jurisdictional element] [b]oth . . . must be proved to a jury beyond a reasonable doubt[.]").